IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFRED YERO PORRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-08-970-C |
| | ) | |
| JEFFERSON COUNTY OF | ) | |
| OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 10, 2003, Plaintiff, a Cuban native, was an INS detainee housed at the a detention center in Waurika, Oklahoma, operated by the Jefferson County Economic Development Authority ("JCEDA"). JCEDA was created pursuant to Title 60 of the Oklahoma Statutes with the intent to increase economic development in Jefferson County. One of the functions of JCEDA is to operate an annex in Jefferson County where INS detainees are held. On the above mentioned date, Plaintiff became disruptive in his segregation cell. As a result, the Certified Emergency Response Team ("CERT") was called in to respond. CERT removed Plaintiff from his cell and placed him in a restraint chair. At the direction of Captain Thompson, Defendant Lovett tasered Plaintiff multiple times.

Plaintiff filed the present 42 U.S.C. § 1983 action, asserting that the actions of Defendants violated his constitutional rights. Specifically, Plaintiff argues that Defendant Board of County Commissioners of Jefferson County ("Board") is liable for the

constitutional violation based on its oversight of JCEDA's operations; that Defendant Stanley Barnes in his official capacity either actively participated in the assault of Plaintiff or did not adequately prepare his staff to handle INS detainees; and that Defendant Michael Bryant is liable because he was the final policymaking authority who set the policy for the jail.

Defendants Jefferson County Board of County Commissioners, Stanley Barnes, and Michael Bryant have each filed Motions for Summary Judgment, asserting that the undisputed material facts entitle them to judgment. Plaintiff has filed a response to each motion, asserting that the facts are in dispute and therefore judgment in favor of any of these three Defendants would be improper.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this

initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

After review of the materials submitted by the parties, the Court finds that Defendants Board, Barnes, and Bryant are entitled to judgment in their favor. Each of these Defendants has come forward with undisputed facts precluding the imposition of liability under § 1983. Rather than offering evidence to dispute these facts, Plaintiff relies on supposition, conjecture and innuendo to support his argument that a jury trial is necessary. The Tenth Circuit has made clear that more is needed to defeat a properly supported Motion for Summary Judgment. See Deschenie v. Bd. of Educ. of Central Consolidated Sch. Dist. No. 22, 473 F.3d 1271, 1278 (10th Cir. 2007) ("In opposing a

motion for summary judgment, '[s]peculation or hunches amidst rumor and innuendo will not suffice.'") (quoting Maestas v. Segura, 416 F.3d 1182, 1189 (10th Cir. 2005)).  Thus, Defendants are entitled to summary judgment on this basis alone.  Nevertheless, the Court will address the arguments raised by each Defendant.

1.      Jefferson County Board of County Commissioners

The Board argues that it cannot be held liable in this matter because the undisputed material facts demonstrate that it did not create policy for or run the JCEDA, did not personally participate in the administration and running of the detention center nor set up policy for the detention center, and that it did not employ or supervise any of the Defendants alleged to have participated in the alleged violation of Plaintiff's rights. Therefore, the Board argues, there can be no basis for liability under § 1983.

Plaintiff disagrees, arguing that the lines between the Board and JCEDA and the Sheriff were quite blurry, in that some employees of the Sheriff's Department were also employees of the JCEDA; that it is unclear whether the employees of CERT who actually tasered Plaintiff were acting as employees of the Board or of JCEDA; and that the Board's failure to enact a policy or procedure for effectively maintaining JCEDA's independence and failure to exercise oversight of the "incestuous" relationship between the Sheriff and JCEDA led to the constitutional violation suffered by Plaintiff.

The Tenth Circuit made clear in Jantzen v. Board of County Commissioners of Canadian County, 188 F.3d 1247 (10th Cir. 1999), that a Board of County Commissioners

may not be held liable for violating § 1983 based on the actions of a separate entity, such as a sheriff, absent a showing that that entity was in fact executing an unconstitutional policy or custom of the Board itself.

Defendant Board has come forward with supported facts demonstrating that the actions taken against Plaintiff were in violation of the training received by Defendant Lovett. Indeed, Plaintiff admits that the policy in place limited the circumstances when a taser could be used. Plaintiff argues that it was the Board's failure to enact a policy requiring certain actions by JCEDA and/or the Sheriff that permits the Board to be held liable for Defendant Lovett's actions. While in certain circumstances the failure to establish a policy may very well give rise to liability for constitutional violations, the facts of this case do not support such a claim. Rather, it is undisputed that at the time Plaintiff was tasered, Defendant Lovett was acting at the direction of Captain Thompson. Plaintiff's attempt to hold Defendant Board liable is more along the lines of a claim of respondeat superior or vicarious liability, which is not permitted under § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978). Thus, Defendant Board is entitled to summary judgment.

2.   Sheriff Barnes

Plaintiff's claims against Defendant Barnes have shifted somewhat from the filing of his First Amended Complaint. In that document, Plaintiff's only assertion against Defendant Barnes was that he personally assaulted and abused Plaintiff. The undisputed

5

facts demonstrate that Defendant Barnes did not engage in this activity, and thus he would be entitled to judgment on those claims. However, in response to Defendant Barnes' Motion for Summary Judgment, Plaintiff now argues Barnes was an active participant because Plaintiff was assaulted by CERT, which was employed by the Sheriff's Department, and the members of CERT were members of the Sheriff Department. However, as the Court noted above, there is no respondeat superior liability in a § 1983 action. Thus, these arguments of Plaintiff have no merit. Plaintiff also argues that Defendant Barnes is liable because he failed to adequately prepare his staff to handle INS detainees, noting that Defendant Barnes admitted that he did not have specific guidelines or policies for treating the INS detainees. Nevertheless, to the extent Plaintiff seeks to assert a failure-to-train claim against Barnes, his claim must fail. Defendant Barnes has offered evidence demonstrating that CERT was properly trained and that policies were in place to preclude actions such as the one taken against Plaintiff. Plaintiff has not countered this showing with any evidentiary material of his own; rather, he simply complains of the possibilities and risks of a purported lack of a specific policy regarding the INS detainees. Plaintiff has failed to show that Barnes was on notice that his failure to act was substantially certain to result in a constitutional violation. Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

It is also undisputed that the individual who tasered Plaintiff was aware that using the taser as he did was wrong and outside of his training. As Defendant argues, a

reasonable jury would be obligated to find that Defendant Lovett's actions were a random or isolated incident, thus precluding a finding that Defendant Barnes was on notice or could have reasonably foreseen the occurrence. In ruling on issues of deliberate indifference or failure to train, the Tenth Circuit has stated that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability" on a supervisor. Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). Plaintiff has offered no evidence demonstrating that his tasering was anything more than a random act or isolated event which occurred outside of the policies and procedures implemented by Defendant Barnes. While Defendant Lovett may be held liable under § 1983, Defendant Barnes cannot be.

3.  Michael Bryant

Defendant Bryant was the Sheriff who took over after Defendant Barnes left. Thus, any claims against this Defendant must arise by virtue of some wrongdoing by the Sheriff's Department. As the Court has previously noted, Plaintiff has failed to set out a claim from which a reasonable jury could provide relief against Defendant Barnes. Because Defendant Barnes was the Sheriff at the time of the incident, such a finding precludes any showing by Plaintiff that policies or procedures of the Sheriff's Department played a role in his alleged injury. As a result, Defendant Bryant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth herein, Defendant Stanley Barnes' Motion for Summary Judgment (Dkt. No. 58); the Motion for Summary Judgment of Michael Bryant in His

Official Capacity (Dkt. No. 59); and the Motion for Summary Judgment of the Board of County Commissioners of the County of Jefferson (Dkt. No. 60) are GRANTED. A separate judgment will issue at the close of the case. The Motion of Defendants Board of County Commissioners of the County of Jefferson and Michael Bryant in His Official Capacity to Exclude or Limit the Testimony and Evidence of Henry C. Gibbons, Purported Expert Witness (Dkt. No. 57) is STRICKEN as moot.

    IT IS SO ORDERED this 25th day of September, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge